## Case No. 13,579.

### STURTEVANT v. GREENOUGH.

[3 App. Com'r Pat. 319.]

Circuit Court, District of Columbia. June 9, 1860.

PATENTS—PRIORITY— INTERFERENCE—APPEAL— EXCEPTION.

[1. The abandonment of a perfected invention or the fact that it fell into disuse cannot affect the question of priority.]

[Cited in Berg v. Thistle, Case No. 1,337.]

[2. Where the reasons of appeal in an interference case take no exception to the claim of the appellee upon the ground of forfeiture by laches, the court cannot consider such question.]

[3. Priority of invention of an improvement in shoe-pegging machines, consisting in a feeding device, awarded to Greenough.]

Appeal by B. F. Sturtevant from a decision of the commissioner of patents awarding priority of invention to I. I. Greenough on an interference declared upon an improvement in shoe-pegging machines.

MERRICK, Circuit Judge. The present controversy is limited to the question of the priority of one of the several improvements upon shoe-pegging machines invented by the appellant over a like improvement invented by the appellee. The particular device consists in that arrangement of parts, by familiar contrivances, by which the hammer is made to descend, each time a peg is driven, a little below the stationary rest, so as to take off from the stationary rest the pressure of the shoe, and to transfer it to the hammer itself, in order that, by a suitable lateral movement of the hammer and awl, the shoe may be urged or fed forward the required distance to meet the next descending stroke of the awl and peg driver. The controversy is not as to which of the contestants first invented a machine capable of pegging shoes, but is confined to the inquiry: Which first invented the feed improvement in question? This being the nature of the question, it is not material for us to consider whether the pegging machines previously invented by Greenough and others were very successful pegging machines, so as to be extensively used in the trade. If these pegging machines existed, and there was need of a feed apparatus for their further development, and a feed apparatus was contrived capable of acting, and which was put on a pegging machine and did act, to the extent of pegging

some dozen soles upon a last, then it is a matter of no consequence, so far as there is question of the invention of that improvement, whether or not, for any other cause, the machines fell into disuse. If the invention was completed, then, in the language of Lord Brougham, it is one of the greatest errors that can be committed, in point of law, to say with respect to such an invention that it signifies one whit whether it was completely abandoned, or whether it was continued to be used down to the date of the patent; it is totally immaterial, I mean, to the question of priority. So the supreme court, in the case of Gaylor v. Wilder, 10 How. [51 U. S.] 477, repudiate the idea that an omission to try the value of an article by proper tests, or an omission to bring it into public use, can affect the question of priority. So, too, Judge Story in Bedford v. Hunt [Case No. 1,217], holds it to be the true interpretation of the statute that a patent may be defeated by showing that the thing secured by the patent had been discovered and put in actual use prior to the discovery of the patentee, however limited the use or the knowledge of the prior discovery might have been.

The invention of Greenough is admitted by the appellant, upon the uncontradicted testimony of A. H. Hook, to have been made in the fall of 1854, between October and December, and to have been put upon a shoe-pegging machine; and it is also admitted that he used it in pegging several dozen shoe soles. It further appears from his models, drawings and specifications that the invention now claimed is the same identically, in form as well as in substance, as it was in 1854–55. It is moreover substantially the same as the improvement patented to the appellant. This being so, all the arguments drawn from the cases in which imperfect experiments have been made and afterwards abandoned can have no application as tests of patentability or completeness of invention. For if the contrivance is in a patentable shape now, it was necessarily in a patentable shape in 1854–1855. as it has remained unchanged throughout that period. That it is in a patentable shape now is not gainsayed nor could it be without stultifying the patent already granted to the appellant for the same identical thing, and the argument urged by the appellant that the device is incomplete and unpatentable without the combination of some apparatus for presenting the portion of the shoe to be pegged perpendicularly to the piercing and driving parts is equally applicable to his own patent; for in the machine there described as well as in Greenough's there is no provision whatever made for tilting the shoe so as to compensate at the points of presentation to the awl and hammer for the curvature in the sole. In the

very nature of things, such a contrivance, however important to the successful operation of pegging machines, is independent of the feed operation, and a substantive matter, notwithstanding the fact that a felicitous arrangement for combining the two appertions of feeding and tilting might and probably does form the ground of a patentable improvement, and may materially influence the adoption of pegging machines in the trade.

The foregoing considerations sufficiently unfold the reasons why, without minute references to the testimony, I am constrained to overrule the several exceptions taken by the appellant to the decision of the office. The nonuse of Greenough's invention for a period of five years, and his neglect in not applying for a patent during those years, and not until more than a year had elapsed after the grant of a patent to the appellant, would have been very important. if not controlling, considerations in the present aspect of the case But inasmuch as among the reasons of appeal is found no exception to the claim of the appellee upon the ground of forfeiture of his rights by laches, and want of reasonable diligence in presenting his claim, I am, upon this appeal, precluded from going into that question, the general principles for the determination of which will be found in the case of Ellithorpe v. Robertson [Case No. 4,-409], decided by Judge Morsell; the case of Belson v. Spear [unreported], by Judge Dunlop; the case of Wickersham v. Singer [Case No. 17,610], by myself; and in the case of Kendall v. Winsor, 21 How. [62 U. S.] 329, where the supreme court say that an inventor "may forfeit his rights as an inventor by a willful or negligent postponement of his claims, or by an attempt to withhold the benefit of his improvement from the public until a similar or the same improvement should have been made and introduced by others." That question, however, I am debarred from considering in the present case, and advert to it here mainly to prevent my remarks in the preceding portion of this opinion upon the effect of negligence in its application to the mere question of priority from being misunderstood, or being drawn into a precedent in connection with the facts of this case, when the question of abandonment or forfeiture from laches is properly submitted.

Now, therefore, finding no error in the decision of the commissioner of patents upon the points presented by the reasons of appeal. and the office response to those reasons, I thereby certify to the Hon. Philip F. Thomas that after having appointed a time and place for hearing said appeal, and both parties having argued the cause in writing, by their respective counsels, I have fully considered the premises, and affirm his judgments.